**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANITA HENRY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DORSEY THORNTON & ASSOCIATES  LCC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## MATTERS COMMON TO MULTIPLE CLAIMS

## INTRODUCTION

1.      Plaintiff Danita Henry brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Dorsey Thornton & Associates LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiff within this District;

b.      Defendant transacts business within this District and holds a license under the Illinois Collection Agency Act.

## PARTIES

6.      Plaintiff Danita Henry is an individual who resides in the Northern District of Illinois.

7.      Defendant Dorsey Thornton & Associates LLC is a Georgia limited liability company with principal offices located in Georgia.  It does business in Illinois.  Its address is 7302 Basalt Dr., Union City, GA 30291.

8.      Dorsey Thornton & Associates LLC  is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Dorsey Thornton & Associates LLC is a debt collector under  the FDCPA.

## FACTS

10.      Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

11.      During June, 2011, plaintiff received a series of automated telephone messages on the voicemail associated with her cell phone.  A typical message was as follows:

**Hello, yes, this message is intended for Danita Henry.  This is agent M-fay (sp?).  With DT and Associates, regarding a legal matter.  It is imperative that I receive a callback from you within the next day or two.  You can reach me at area code 404-973-2103.  When you call back, please refer to case file number 5000 19 010.**

2

12. The 404-973-2103 number is issued to defendant.

13. None of the calls meaningfully identified the company calling or stated that the calls were for debt collection purposes.

14. Plaintiff was harassed and annoyed by defendant's collection activities.

## COUNT I – FDCPA

15. Plaintiff incorporates paragraphs 1-14.

16. Defendant's telephone messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

17. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

18. The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

    a. The messages do not contain the warning required by 15 U.S.C. §1692e(11).

    b. The messages did not meaningfully identify defendant.

19. 15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

20. Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

3

**Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

> **(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

> (1)     Statutory damages;
>
> (2)     Actual damages;
>
> (3)      Attorney's fees, litigation expenses and costs of suit;
>
> (4)      Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

21.     Plaintiff incorporates paragraphs 1-14..

22.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

23.     A private right of action exists for violation of the ICAA.  Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

> a.     Compensatory and punitive damages;
>
> b.     Costs.
>
> c.     Such other and further relief as is appropriate.

4

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Daniel A. Edelman
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)